# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| WARREN TOOLEY, and BRANDY COOK, | ) ) ) |
| Plaintiffs, | ) Case No. _____ ) |
| vs. | ) CLASS ACTION COMPLAINT ) JURY DEMANDED |
| QUICKWAY TRANSPORTATION, INC., QUICKWAY LOGISTICS, INC., and PALADIN CAPITAL, INC. | ) ) ) ) ) |
| Defendants. | ) |

## CLASS ACTION COMPLAINT

Warren Tooley and Brandy Cook (the "Plaintiffs"), on behalf of themselves and a putative class of similarly situated former employees as defined herein, bring this suit against Quickway Transportation, Inc., Quickway Logistics, Inc., and Paladin Capital, Inc. (collectively the "Defendants" or "Quickway") by way of this Class Action Complaint against Defendants, allege as follows:

## NATURE OF THE ACTION

1. This is a Class Action Complaint brought under the Worker Adjustment and Retraining Notification Act, 29 USC § 2101-2109 (the "WARN Act") by the Plaintiffs on their own behalf and on behalf of the other similarly situated persons against Defendants, their employer for WARN act purposes.

2. On or about December 9, 2020, Defendants made a mass layoff and/or plant closing by unilaterally and without notice shutting down the terminal located at 2827 S. English Station Road in Louisville, Kentucky ("Louisville Facility") without any notice to employees.

3. Defendants failed to provide 60 days advance written notice as required by the WARN Act, 29 USC § 2101 *et seq.,* to the affected employees.

4. On December 9, 2020, Defendants informed the affected employees that their services would no longer be required and that they were not required nor allowed to report for work.

5. Because of the December 9, 2020 terminations, Defendant's reduction in forces constituted a mass layoff or plant closing which became effective on December 9, 2020. As such, Plaintiffs and other similarly situated employees, should have received the full protection afforded by the WARN act.

## JURISDICTION AND VENUE

6. This Court has Jurisdiction over this matter pursuant to 28 U.S.C § 1331, 1337 and 29 USC § 2104(a)(5).

7. Venue is proper in this district pursuant to 28 USC § 123(b) and 29 USC § 2104(a)(5).

## PARTIES

8. Plaintiff Warren Tooley ("Tooley") is a citizen of the United States and resident of Jefferson County, Kentucky. Plaintiff Tooley was employed by Quickway at the Louisville Facility at all relevant times. Plaintiff is an "aggrieved employee" within the meaning of 29 USC § 2104(a)(7).

9. Plaintiff Brandy Cook ("Cook") is a citizen of the United States and resident of Bullitt County, Kentucky. Plaintiff Tooley was employed by Quickway at the Louisville Facility at all relevant times. Plaintiff is an "aggrieved employee" within the meaning of 29 USC § 2104(a)(7).

10. Defendant Quickway Transportation, Inc. is a Tennessee corporation with its principal place of business at 1116 Polk Ave, Nashville, TN 37210. Defendant Quickway Transportation, Inc. is licensed to do business in Kentucky and may be served via its registered agent, Corporation Service Company, at 2908 Poston Avenue, Nashville, TN 37203.

11. Defendant Quickway Logistics, Inc. is registered to do business in Kentucky as a foreign corporation and lists its principal place of business as 1116 Polk Ave, Nashville, TN 37210. Quickway Logistics, Inc. is not currently registered in Tennessee and is labelled "inactive" by the Tennessee Secretary of State. Due to Quickway Logistics, Inc.'s registration discrepancies, Plaintiffs hereby include that entity's successors, affiliates, and assigns. Defendant Quickway Logistics, Inc. may be served via its registered agent, Corporation Service Company, at 421 West Main Street, Frankfort, Kentucky 40601.

12. Defendant Paladin Capital, Inc. is a Tennessee corporation with its principal place of business located at 1116 Polk Ave. in Nashville, TN 37210. Paladin Capital, Inc. is not registered to do business in the Kentucky. Upon information and belief, Paladin Capital, Inc. owns Quickway Transportation, Inc. and Quickway Logistics, Inc. Process can be served on Paladin Capital, Inc. through its registered agent, Corporation Service Company, at 2908 Poston Ave. in Nashville, TN 37203.

13. Quickway Transportation, Inc., Quickway Logistics, Inc., and Paladin Capital, Inc. are the responsible entities for the operation of the terminal located at 2827 S. English Station Road in Louisville, Kentucky ("Louisville Facility") and one or all such entities employed the affected employees of Louisville Facility and as a result these entities are jointly and severally liable for the actions alleged in this complaint.

## FACTS

14. Quickway is engaged in the business of transporting goods and materials. Quickway employs a fleet of truck drivers and specializes in direct-store deliveries of perishable or fragile food products.

15. Quickway's primary customer for the Louisville Facility was Kroger Limited Partnership I ("Kroger") and its affiliates.

16. Quickway does business in the territorial jurisdiction of this Court.

17. At all relevant times, Quickway employed 100 or more employees, exclusive of part-time employees.

18. On June 22, 2020, Quickway drivers at the Louisville Facility voted to join the International Brotherhood of Teamsters Local 89 (the "Union").

19. On December 9, 2020, Quickway ceased all operations at the Louisville Facility after Quickway voluntarily terminated its Carrier Services Agreement with Kroger early.

20. On December 9, 2020 at 11:50 P.M. EST, Quickway also placed a note in employee mailboxes informing them that Quickway would cease all operations at the Louisville Facility at 11:00 P.M. on December 9, 2020. A photo of that note is below:



This is to inform you that the Kroger Limited Partnership I (Kroger) and Quickway Logistics, Inc.'s (Quickway) Carrier Services Agreement ends today. Quickway will cease all operations associated with the Kroger Louisville distribution center at 11:00 p.m. Quickway has already informed your certified bargaining unit representative of this development and you should not report to report for work as there are no further dispatches for Quickway. More information will be sent to you after it becomes available.

Sincerely,

Jeff McCurry

21. On December 9, 2020, Quickway informed Union representatives that the Louisville Facility ceased operations effective 11:00 p.m., December 9, 2020. Quickway and the Union were scheduled to meet the next day, on December 10, 2020, to resume collective bargaining negotiations for a first contract. Quickway and the Union agreed at the conclusion of the prior bargaining session that it would provide the Union with a comprehensive response to the complete set proposals covering every item for inclusion to complete their first contract. At the December 10, 2020 meeting, Quickway repeatedly refused to provide any responses to the Union's proposals, and it repeatedly refused to engage in any bargaining whatsoever to complete their negotiations for a first contract.

22. On December 11, 2020, Quickway mailed a letter titled "Lay-Off Notice" to employees that stated: "Quickway Transportation, Inc. has ceased all operations in Louisville Kentucky as of 11:00 p.m. December 9, 2020. This letter is to inform you that you have been

permanently laid-off effective December 9, 2020 at 11:00 p.m." The December 11, 2020 Lay-Of Notice is attached as Exhibit A.

23. The December 9, 2020 facility closing resulted in loss of employment for all employees at the Louisville Facility.

24. Quickway did not provide sixty days WARN Act Notice or as much notice as practicable under the circumstances as required by 29 USC § 2101 *et seq*. even though it planned to close the facility and abolish, terminate, and/or layoff the full-time employees employed there.

25. Quickway did not provide any WARN Act Notice to State dislocated worker units and local governments.

26. Upon information and belief, Quickway began negotiating and/or planning the early, voluntary termination of its Carrier Services Agreement with Kroger several months before ceasing operations at the Louisville Facility.

27. Upon information and belief, no circumstances existed that would have permitted Quickway to eliminate the notification period as provided in 29 USC § 2102(b).

28. By failing to provide its affected employees who were temporarily or permanently terminated on December 9, 2020, with WARN Act Notices and other benefits, Defendants have acted willfully and cannot establish that it had any reasonable grounds or basis for believing its actions were not in violation of the statute.

## **RULE 23 CLASS ACTION ALLEGATIONS**

29. Plaintiffs bring their WARN Act claim as a Class Action pursuant to Federal Rule of Civil Procedure 23 on behalf of the following class:

> All employees of Quickway Transportation Inc. whose employment was permanently terminated on December 9, 2020.

6

Case 3:21-cv-00081    Document 1    Filed 02/03/21    Page 6 of 11 PageID #: 6

30. Class Action treatment of Plaintiffs WARN Act claims are appropriate because all of Federal Rule of Civil Procedure 23's Class Action requisites can be satisfied. For example:

   a. The class includes, upon information and belief, over 50 class members, and, as such, is so numerous that joinder of all the class members is impracticable under these circumstances, thereby satisfying Federal Rule of Civil Procedure 23(a)(1).

   b. Questions of law and fact are common to the class, including, *inter alia*, whether Defendants provided adequate notice of its mass layoff under the WARN Act, 29 USC§ 2102. Thus, Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(2).

   c. Plaintiffs are a member of the class, and their claims are typical of the claims of other class members. Plaintiffs have no interests that are antagonistic to or in conflict with the interests of other class members. Thus, Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(3).

   d. Plaintiffs will fairly and adequately represent the class and its interests. Moreover, Plaintiffs have retained competent and experienced counsel who will effectively represent the interests of the class. Thus, Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(4).

31. Class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(1) because the prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for Defendants and/or because adjudications with respect to individual class members would as a practical matter be dispositive of the interests of non-party class members.

32. Class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(2) because Defendants acted or refused to act on grounds generally applicable to the Class, making appropriate declaratory and injunctive relief with respect to Plaintiffs and the class as a whole.

33. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over any question affecting only individual class members, and because a Class Action is superior to other available methods for the fair and efficient adjudication for this litigation.

**VIOLATIONS OF THE WARN ACT, 29 USC §§ 2101,** *et seq***.**
**COUNT I**
**(WARN Act)**

34. Plaintiffs re-allege and incorporate all preceding paragraphs as if set forth in full here.

35. Quickway is an "employer" within the meaning of the WARN Act, 29 U.S.C § 2101(a)(1).

36. Plaintiffs and those they seek to represent were at all relevant times "affected employees" within the meaning of the WARN Act, 29 U.S.C § 2101(a)(5).

37. The December 9, 2020 closing of the Louisville Facility constituted a "plant closing" as defined in 29 USC § 2101(a)(2) in that it was a permanent or temporary shutdown of a single site of employment that resulted in an employment loss for 50 or more employees. The shutdown has already lasted longer than 30 days.

38. To the extent that the December 9, 2020 closing of the Louisville Facility is not a "plant closing" as defined in 29 USC § 2101(a)(2), then the closing of the Louisville Facility

8

constitutes a "mass layoff" as that term is used in 29 USC § 2101(a)(3) in that the closure resulted in an employment layoff of at least 33 percent of the employees and at least 50 employees of the Louisville Facility

39. The December 9, 2020 closing of the Louisville Facility terminated over 50 employees Louisville Facility, resulting in "employment losses" as defined in 29 USC § 2101(a)(3)(B)(i)(I) and (II).

40. The WARN Act requires employers to provide 60-days' notice of any plant closing or mass layoff "to each representative of the affected employees . . . or, if there is no such representative at that time, to each affected employee," 29 USC § 2102(a)(1), and "to the State or entity designated by the State to carry out rapid response activities under [29 USC §] 3174(a)(2)(A)," as well as to "the chief elected official of the local government within which such closing or layoff is to occur," 29 USC § 2102(a)(2).

41. On information and belief, prior to December 9, 2020, Defendants did not give any prior written notice of the plant closing and/or mass layoff to any "affected employee," including Plaintiffs and those they seek to represent, as that term is defined in 29 U.S.C § 2101(a)(5), nor upon information and belief did Defendants give any prior written notice to the Kentucky Office of Employer and Apprenticeship Services, or to the chief elected official of the local government within which the mass layoff was ordered.

42. Defendants violated the WARN Act by failing to give timely written notice of the mass layoff as required by 29 USC § 2102(a), which began on December 9, 2020, and which was continuing as of the filing of this complaint.

43. As such, Plaintiffs and those they seek to represent are "aggrieved employees" within the meaning of the WARN Act, 29 USC § 2104(a)(7).

44. The WARN Act expressly permits an "aggrieved employee" to bring a civil action individually and on behalf of all those similarly situated to seek relief for violations of the provisions of 29 USC § 2102. *See* 29 USC § 2104(5).

45. Moreover, Defendants' violations of the WARN Act were not in good faith, and Defendants had no reasonable grounds for believing that the plant closing or mass layoff it ordered was not in violation of the notice requirements at 29 USC § 2102.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for the following relief:

1. Certification of the Class as a Class Action pursuant to Federal Rule of Civil Procedure 23(b), and designation of Plaintiffs as a representative of the Class and their counsel of record as Class Counsel.

2. A declaration that Defendants have violated the WARN Act;

3. A judgment against Defendants and in favor of Plaintiffs and those they seek to represent for back pay to the fullest extent permitted by the WARN Act, 29 USC § 2104(a)(1)(A);

4. A judgment against Defendants and in favor of Plaintiffs and those they seek to represent for the loss of benefits, including, but not limited to, medical expenses incurred by Plaintiffs and those they seek to represent during the employment loss, to the fullest extent allowable under the WARN Act, 29 USC § 2104(a)(1)(B);

5. A finding that Defendants' violations of the WARN Act were and are willful, not in good faith, and that Defendants had no reasonable grounds for believing that its plant closing

and/or mass layoff was not in violation of the notice requirements of the WARN Act, 29 USC § 2102;

6. A judgment against Defendants and in favor of Plaintiffs and those they seek to represent for litigation costs, expenses, attorney's fees to the fullest extent permitted under the WARN Act, 29 USC § 2104(a)(6), and for discretionary costs pursuant to Federal Rule of Civil Procedure 54(d);

7. A judgment against Defendants for civil penalties to the fullest extent allowable under the WARN Act, 29 USC § 2104(a)(3); and,

8. Such other and further relief as this Court deems just and proper and allowed under the WARN Act.

This the 3rd day of February, 2021. Respectfully submitted,

By: /s/ J. Gerard Stranch, IV_____
J. Gerard Stranch, IV (BPR #023045)
Janna Maples (BPR #32612)
**BRANSTETTER, STRANCH & JENNINGS, PLLC**
223 Rosa Parks Ave. Suite 200
Nashville, TN 37203
Telephone: 615-254-8801
Facsimile: 615-255-5419
gerards@bsjfirm.com
jannam@bsjfirm.com

Samuel Strauss (*pro hac vice forthcoming*)
Turke & Strauss, LLP
613 Williamson Street, Suite 201
Madison, WI 53703
Tel: 608-237-1775
Sam@turkestrauss.com

*Attorneys for Plaintiffs*