UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| WARREN TOOLEY and BRANDY COOK, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) NO. 3:21-cv-00081 ) |
| QUICKWAY TRANSPORTATION, INC., QUICKWAY LOGISTICS, INC., and PALADIN CAPITAL, INC., | ) ) ) ) ) |
| Defendants. | ) |

## **FINAL APPROVAL ORDER**

Before the Court is Plaintiffs' Motion for Final Approval of Class Action Settlement ("Final Approval Motion") (Doc. No. 71) requesting: (1) approval of the Settlement Agreement; (2) certification of the proposed settlement class for purposes of settlement; (3) approval of the form and manner of class notice under Federal Rule of Civil Procedure 23 and the due process rights of the class; and (4) dismissal with prejudice of the claims of the settlement class under the terms of the Settlement Agreement. Also before the Court is Plaintiffs' Motion for Attorney Fees, Payment of Expenses, and for Service Award (Doc. No. 74). Defendants do not oppose either motion (Doc. Nos. 77, 78) and the Court previously conducted a fairness hearing regarding the Settlement Agreement, concluding it would delay entry of a final order approving the Settlement Agreement until the parties filed a notice on the record informing the Court that they have complied with all requirements of the Class Action Fairness Act of 2005. (Id.). The parties have done so. (Doc. No. 80). Accordingly, the Court finds as follows:

1. This Court has subject matter jurisdiction over the parties, including the following class certified under Federal Rules of Civil Procedure 23(a) and 23(b)(3): All affected drivers,

1

including Named Plaintiff Warren Tooley, who were permanently laid off from their employment at the Louisville Terminal in December 2020 and Named Plaintiff Brandy Cook.

2. Based on the range of possible outcomes and the cost, delay, and uncertainty associated with further litigation, the Settlement Agreement is fair, reasonable and cost- effective, and preliminary approval of the Settlement Agreement has been granted. (Doc. No. 67). The Settlement Agreement and the definition of words and terms contained therein are incorporated by reference.

3. The Settlement Agreement is finally approved and for the purposes of the class settlement, (i) the Class, consisting of 63 Settlement Class Members, shown on Schedule 1 to the Settlement Agreement, is so numerous that joinder of all Settlement Class Members is impracticable; (ii) there are questions of law or fact common to the Settlement Class; (iii) the claims of the Class Representatives are typical of the Settlement Class; (iv) the law firm of Branstetter, Stranch & Jennings, PLLC has fairly and adequately protected the interests of the Settlement Class and has extensive experience handling class action litigation, including WARN Act litigation; (v) the Class Representatives do not have interests antagonistic to those of the Settlement Class; (vi) questions of law or fact common to the Settlement Class Members predominate over questions effecting only the individual Settlement Class Members; and (vii) the class settlement mechanism is superior to other available methods of resolving the alleged WARN Act claims and the other claims released in the Settlement Agreement.

4. The Settlement Class is certified for settlement purposes pursuant to Federal Rule of Civil Procedure 23(e)(2).

5. The Notice provided to the Settlement Class comports with Federal Rule of Civil Procedure 23 and the requirements of Due Process. The Court hereby finds and concludes that Class

2

Case 3:21-cv-00081   Document 81   Filed 06/14/22   Page 2 of 4 PageID #: 831

Notice was disseminated to persons in the Settlement Class in accordance with the terms of the Settlement Agreement. The Notice sufficiently described, in clear, concise and easily understood language, the nature of the action and claims, respectively, the class certified, and the issues and defenses. The Notice also stated that the Settlement Agreement, if approved, will be binding on all Settlement Class Members. The Notice summarized the terms of the Settlement Agreement, the right of and manner for each Settlement Class Member to opt-out or object to the Settlement Agreement, the right of each Settlement Class Member to appear by counsel at the Fairness Hearing, and that more information is available from Class Counsel upon request. Further, the Notice informed the Settlement Class Members that the Settlement Agreement provides for the release of their claims as identified in the Settlement Agreement, and the payment of Class Counsel's attorneys' fees. Fed. R. Civ. P. 23(h).

6. The Court finds that the named Class Representatives and Class Counsel have adequately represented the Class, that the Settlement Agreement was negotiated at arm's length, and the Settlement Agreement provides relief to the Class that is adequate given the costs, risks, and delay of trial and appeal.

7. The Court finds that the effectiveness of the proposed method of distributing relief to the Class is fair and reasonable.

8. The Court hereby fully and finally approves the Settlement Agreement and finds that the terms constitute, in all respects, a fair, reasonable and adequate settlement as to all Settlement Class Members in accordance with Rule 23 of the Federal Rules of Civil Procedure.

9. Plaintiffs and each and every Class Member, and any person actually or purportedly acting on behalf of Plaintiffs or any Class Member, are hereby permanently barred and enjoined from commencing, instituting, continuing, pursuing, maintaining, prosecuting or enforcing any Released Claims, as set forth in the Settlement Agreement, (including, without limitation, any individual, class or putative class, representative or other action or proceeding), directly or

indirectly, in any judicial, administrative, arbitral or other forum, against the Released Parties. This permanent injunction is necessary to protect and effectuate the Agreement, this Order and this Court's jurisdiction.

10. The Court approves Class Counsel's application for $137,567.00 in attorneys' fees, reimbursement of expenses incurred in the prosecution of the case in the amount of not more than $7,000.00, Settlement Administrator Fees and Costs in the amount of not more than $5,000.00, and incentive awards for Representative Plaintiffs in the amount of $1,000.00 each.

As stated herein, the Final Approval Motion (Doc. No. 71) and the Motion for Attorney Fees (Doc. No. 74) are **GRANTED**.

IT IS SO ORDERED.

_____
Waverly D. Crenshaw, Jr.
CHIEF UNITED STATES DISTRICT JUDGE